UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE PERUN,

               Plaintiff,

     v.

CARRINGTON MORTGAGE SERVICES, LLC, et al.,

               Defendants.

Case No. 21-cv-03888-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Steve Perun stopped paying his mortgage. He applied to modify his loan. Defendants, his lender and servicer Wilmington Savings Fund Society and Carrington Mortgage Services, LLC ("the lenders") say they sent him the response required by federal and state law. Perun denies receiving this letter. The lenders have produced the letter, albeit not proof of its mailing. Perun also avers there were several other statutory violations, and these violations create common law liability, such as negligence and breach of contract.

Perun's claim that the lenders never sent the letter is questionable. Moreover, the lenders made a subsequent offer to modify his loan. This affords them the shelter of a statutory safe harbor for many of his claims. Finally, several of his common law claims must fail as a matter of law. This is true regardless of whether it was plausible the lenders did not send the letter. Accordingly, for the reasons further set out below, the motion to dismiss is granted, with leave to amend.

## II. BACKGROUND[1]

Plaintiff Steve Perun fell behind on mortgage payments for his house. The loan is serviced by Carrington and the loan itself is owned by Wilmington. The lenders sent a Notice of Default and Election to Sell Under the Deed of Trust on January 7, 2021. The same month, Perun submitted a loan modification application, which was incomplete. After Perun sent additional materials, the lenders deemed the application complete by letter on February 12.

On February 26, the lenders aver they sent a letter effectively denying Perun's application. The only modification he was eligible for was a home liquidation option, wherein the house would be sold, much like in a foreclosure sale. The home liquidation sale would have had some advantages for Perun compared to foreclosure, such as a better impact on his credit score. Perun claims he never received this letter. He acknowledges receiving the other correspondence in this case. While actual receipt of the letter is not required by law, sending the letter is required. The lenders have produced the letter, but not any proof of its mailing. The letter is addressed to the subject property. The lenders request this document be incorporated by reference because Perun relies on its absence as the basis for his complaint. Perun objects, arguing the lenders have not proved they sent the letter.

On April 23, a Notice of Trustee's Sale was recorded, setting a sale date of June 2. (No foreclosure sale has yet occurred.) Nevertheless, on May 20, the lenders offered Perun a trial loan modification, whereby the loan would be modified upon the receipt of specified payments. Perun acknowledges he received this offer.

Perun brings several claims for relief. The first group stems from 12 C.F.R. §§ 1024.41(b), (c), and (g). These regulations implement the Real Estate Settlement Procedures Act, known as "RESPA." 12 U.S.C. 2601 et. seq. The second group derives from a similar set of provisions in the California Homeowner's Bill of Rights ("HBOR"), California Civil Code §§ 2923.6-2923.7. The

[1] The factual background is based on the allegations in the first amended complaint, which must be taken as true for purposes of this motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

United States District Court
Northern District of California

third group of claims contends that these purported statutory violations provide the basis for a litany of other claims: negligence, negligent misrepresentation, breach of contract, unjust enrichment, and a violation of California's Unfair Business Practices law, Cal. Bus. & Prof. Code § 17200. Perun has amended his complaint once as of right after a previous motion to dismiss was filed.

Along with their motion to dismiss, the lenders request incorporation by reference of three exhibits: the February 12 letter acknowledging Perun's complete application, the February 26 letter approving only a home liquidation modification, and the May 20 modification offer. They also request judicial notice of the deed to the house, the assignment of that deed to Carrington, the Notice of Default and Election to Sell, and the February letters.

### III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v.*

*City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting documents incorporated by reference and "matters of which a court may take judicial notice" are properly considered when ruling on a motion to dismiss). "Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A defendant may seek to incorporate a document into the complaint "if the plaintiff refers *extensively* to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 907 (emphasis added). "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. In general, "a court may assume an incorporated document's contents are true for purposes of a motion to dismiss under Rule 12(b)(6) . . . [but] it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003 (internal quotations and citations omitted).

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Id.* at 999 (citing Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' *Id.* (citing Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment . . . [b]ut a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quotation marks and citation omitted).

## IV. DISCUSSION

### A. Incorporation by Reference and Judicial Notice

First, as a threshold matter, the lenders are correct that Exhibits 1-3 can be incorporated by

reference, so the request for incorporation of those Exhibits is granted. Perun's complaint refers to the February 26 letter extensively, albeit to its purported absence. Indeed, it forms the core of the complaint. *Ritchie*, 342 F.3d at 907. Thus, it misleadingly refers to only a portion of the letter. Further, the supposed shortcomings of the other letters form most of the rest of the complaint. *Id.* The request for judicial notice of the letters is denied as moot; the request for notice of the deed, assignment, and Notice of Sale are granted because they are public records, although it does not affect the outcome. *Khoja*, 899 F.3d at 999.

**b. RESPA**

12 C.F.R. § 1024.41(b) requires that the servicer send the borrower a notice upon receipt of a loss mitigation application. The servicer must notify the borrower whether the application is complete or not. Both parties agree the lenders complied with this section.

Perun argues the lenders did not provide him with notice of what loss mitigation options it would offer within 30 days of receiving the complete application, as required by § 1024.41(c). This would also mean the lenders eventually became out of compliance with § 1024.41(g), the dual tracking provision, by virtue of their recording of the Notice of Trustee's Sale. Perun's statement about not receiving the letter does not make it plausible that the lenders created the letter and did not send it. His statement, if credited, as it must be at this stage, makes it plausible he did not receive the letter; accidents happen. His statement alone does not, however, make it plausible that the lenders went to the trouble of preparing the letter and then did not send it. *Iqbal*, 556 U.S. at 678.

The lenders were not required to send the letter by certified or registered mail, and thus the absence of proof of sending is of no moment. There is nothing in the Complaint to suggest these lenders regularly fail to send the required notices. In fact, Perun acknowledges receiving the other required notices, sent to the same address. His complaint does not cross the line from conceivable to plausible. *Id.* at 683. There is no reasonable inference that the lenders are liable for the

1    misconduct averred. *Id.* at 663. Thus, his RESPA claims should be dismissed.[2]

2        **c. California HBOR**

3        Perun avers the lenders violated the HBOR in several ways, e.g. there was no single point

4    of contact. These claims rest on the same implausible statement that the letter was never sent.

5    Thus, they should be dismissed. Even if the letter was not sent, Perun's HBOR claims would be

6    dismissed because § 2924.12(c) provides a safe harbor: "a servicer shall not be liable for any

7    violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale."

8    Therefore, the subsequent modification offer prevents the lenders from being held liable.

9    Additionally, violations of the HBOR must be material. § 2924.12(b). A violation is material when

10   it deprives the borrower of an opportunity to obtain a loan modification. *See, e.g.*, *Foote v. Wells*

11   *Fargo Bank, N.A.*, No. 15-CV-04465-EMC, 2016 WL 2851627, at *3 (N.D. Cal. May 16, 2016).

12   The subsequent loan modification offer also means Perun had the opportunity to obtain a loan

13   modification, so any violations were immaterial.

14       **d. Remaining Claims**

15       Perun's other claims should be dismissed. First, to the extent they depend on there being

16   statutory violations, such as the Unfair Business Practices claim, they fail. *See, e.g.*, *Rubin v. Wal-*

17   *Mart Stores, Inc.,* 599 F.Supp.2d 1176, 1179 (N.D. Cal. 2009). Second, aside from the statute, the

18

19   ---

     [2] Even if it were plausible that the letter was not sent, violations of § 1024.41 require actual
20   damages to be actionable. *See, e.g.*, *Jacobs v. Alabama Hous. Fin. Auth.*, No. 2:20-CV-00240-
     RAJ, 2021 WL 807880, at *3 (W.D. Wash. Mar. 3, 2021) (citing *Flate v. Nationstar Mortg., LLC*,
21   692 F. App'x 916, 917 (9th Cir. 2017)). The only plausible economic damages here are the impact
     on Perun's credit score from a foreclosure. This impact is worse compared to a home liquidation
22   sale, if he would have accepted that offer. Still, the lenders' subsequent loan modification offer
     likely mitigated whatever damages this would have caused. Perun's claims of emotional damages
23   are implausible, as there is nothing in the Complaint suggesting he contacted the lenders after he
     supposedly did not receive the letter, although many of his other communications are in the
24   Complaint. Further, the letter would have had a similar emotional effect as a foreclosure notice,
     and any emotional distress would have lessened or ceased upon receiving the modification offer.
25   Finally, it should be noted that the Ninth Circuit has not determined whether emotional distress
     constitutes actual damages under this statute, and district courts are split. See *Hahn v. Select*
26   *Portfolio Servicing, Inc.*, 424 F. Supp. 3d 614, 633 (N.D. Cal. 2020) (not deciding the issue and
     citing *Hackett v. Wells Fargo Bank, N.A.*, No. 2:17-cv-7354-CAS(ASx), 2018 WL 1224410, at *5
27   (C.D. Cal. Mar. 5, 2018) (collecting cases)). On the whole Perun has not pled sufficient facts for a
     plausible case of actual damages. *UMG Recordings, Inc.*, 718 F.3d 1014.

28

United States District Court
Northern District of California

ORDER GRANTING MOTION TO DISMISS
CASE NO.  21-cv-03888-RS

United States District Court
Northern District of California

remaining claims generally depend on underlying facts which are implausible or incorrect, such as the letter not being sent or the other letters being deficient. Finally, several fail as a matter of law, even if there were statutory violations. For example, the negligence claim is deficient, as it is established that servicers and lenders do not owe a duty of care to borrowers so long as they do not exceed their conventional roles. *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (Ct. App. 1980). Although some cases have found a duty from lender to borrower, e.g. when the lender's negligence deprives the borrower of an opportunity to receive a loan modification, no such negligence exists here. *Alvarez v. BAC Home Loans Servicing, L.P.* (2014) 228 Cal.App.4th 941, 951. For the negligent misrepresentation claim, it is implausible to think the lenders had "no reasonable grounds for believing the representation [they would send the letter] was true when it was made," as the claim requires. *Borman v. Brown*, 59 Cal. App. 5th 1048, 1060 (2021). The breach of contract claim is dismissed because Perun was in breach. Even accepting Perun's claims, the lenders' conduct has nothing to do with the original contract, only their actions after Perun breached. *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1367. The unjust enrichment claim is flawed, as there has been no economic injury stemming from the lenders' conduct. *Ghirardo v. Antonioli* (1996) 14 Cal. 4th 39, 51.

## V. CONCLUSION

Consistent with the foregoing, the motion to dismiss is granted, and the complaint is dismissed in its entirety, with leave to amend. In the event Plaintiff elects to file an amended complaint, he must do so within 21 days of the date of this order.

**IT IS SO ORDERED**.

Dated: August 23, 2021

_____
RICHARD SEEBORG
Chief United States District Judge